Hector Blademiro OJEDA–
LOPEZ, Petitioner,

v.

Alberto GONZALES, Attorney
General,* Respondent.

No. 03–73844.
Agency No. A91–692–618.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.**
Decided April 4, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Cruz, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Anthony W. Norwood, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM***

Hector Blademiro Ojeda–Lopez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") denial of his application for cancellation of removal. We review de novo due process challenges, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

■ The IJ denied Ojeda–Lopez's application for cancellation of removal because he failed to establish that his wife, son, or stepchildren would suffer exceptional and extremely unusual hardship if he is removed to Mexico. We lack jurisdiction to review this discretionary determination. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003).

■ We reject Ojeda–Lopez's contention that he was deprived of due process by the IJ's ruling that he had failed to prove that his son and stepchildren are United States citizens because he was not prejudiced by this ruling. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge to [removal] proceedings, [petitioner] must show error and substantial prejudice.") The record shows that, despite this ruling, the IJ considered all of the evidence regarding the economic and emotional hardship that Ojeda–Lopez's wife, son, and stepchildren would suffer and found that it did not constitute the exceptional and extremely unusual hardship required for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

Ojeda–Lopez's remaining contentions lack merit.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), Ojeda–Lopez's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**